## Richmond

AMY BAIRD (STRUMINGER) LUNDEEN v. DONALD LEWIS STRUMINGER.

January 20, 1969.

Record No. 6989.

Present, Eggleston, C.J., Snead, I'Anson, Carrico, Gordon and Harrison, JJ.

*Charles W. Laughlin (Beverley L. Crump; Christian, Barton, Parker, Epps & Brent, on brief), for appellant.*

*Frederick T. Gray (Jacob H. Lavenstein; Daniel E. Rogers, II; Williams, Mullen & Christian; Lavenstein & Lavenstein, on brief), for appellee.*

GORDON, J., delivered the opinion of the court.

This appeal involves the custody of seven-year-old Alexander Struminger and five-year-old Bruce Struminger, children of divorced parents.

Donald Lewis Struminger brought this suit in February 1966 against his wife, Amy Baird Struminger, alleging misconduct on her part and asking for a divorce and sole custody of their two infant children. After Mr. Struminger had introduced evidence in support of the allegation of misconduct, he amended his bill of complaint by adding an allegation of willful desertion. By a decree entered August 24, 1966, the court granted an absolute divorce to the husband on the ground of desertion and awarded alternate custody of the children to the husband and wife—to the husband for six months and the wife for six months. Since August 1966, the children have resided alternately with Mr. Struminger in Petersburg and with Mrs. Struminger in Richmond or Henrico County.

In May 1967 both Mr. Struminger, who had remarried, and Mrs. Struminger, who was engaged to be married, moved the court for sole custody of the children. The court ordered the Petersburg Department of Public Welfare to investigate Mr. Struminger's home, surroundings and manner of living, and ordered the Henrico County Department of Public Welfare to investigate Mrs. Struminger's home, surroundings and manner of living. Each Welfare Department reported that the children would be well cared for if brought up in the home that it had investigated.

The court heard additional evidence on the issue of custody in September 1967, after the first Mrs. Struminger had married Dr. Bruce W. Lundeen. This evidence failed to show that either parent was not a proper person to care for and raise the children, but the evidence did indicate that the existing custody arrangement was unsatisfactory. A social worker, who was called by Mr. Struminger, testified: "The children have been upset. Naturally, moving back and forth, the children are going to be upset."

By a decree entered November 20, 1967, the court denied each motion for sole custody and continued the alternate six-month custody arrangement. Mrs. Struminger-Lundeen appeals from that decree.

The children now live with Dr. and Mrs. Lundeen in Richmond. If the present alternate custody arrangement is continued, they will be moved to Petersburg in February 1969 to live for six months with Mr. Struminger and his present wife. The older child, Alexander,

is now a first-grade pupil in a Richmond school, but he will attend school in Petersburg if he moves to that city in February.[1]

We hold that the children's best interest will not be promoted by continuing the existing alternate custody arrangement. In fact, opposing counsel agreed at oral argument that one parent should be awarded custody of Alexander during the school year. And the children's best interest will not be promoted by separating them, an arrangement that no one has suggested. So we must decide which parent should be awarded custody of the two children during the school year.

When custody is in issue, the controlling consideration is the welfare of the children. *Mullen* v. *Mullen*, 188 Va. 259, 49 S.E.2d 349 (1948). And the welfare of young children will be promoted by awarding custody to the mother, *if she is a fit and proper person and if other things are equal.* "Human experience supports the policy that young children should not be deprived of the care of their mothers and of their love and tenderness, which may be counted upon most unfailingly." *Id.* at 271, 49 S.E.2d at 354.

Although Mr. Struminger introduced evidence in 1966 to support the allegation of his wife's misconduct, the trial court did not find that Mrs. Struminger (now Mrs. Lundeen) was then an unfit or improper person to care for and bring up the children. Rather, the court's decree of August 24, 1966 recognized her fitness by awarding Mrs. Struminger custody of the children for six months of the year. And the court's decree of November 20, 1967 again recognized her fitness by continuing that custody arrangement.

Furthermore, the evidence does not show that the welfare of the children would be promoted by their living in the home of Mr. Struminger and his present wife, rather than in the home of Dr. and Mrs. Lundeen. We must conclude from this record, therefore, that not only is Mrs. Struminger-Lundeen a fit and proper person to care for and bring up the children, but also that "other things are equal" —that is, that both homes are equally suitable for the raising of the children.

---

[1]The facts stated in the text about Alexander's schooling were supplied by counsel at oral argument. The record shows that Alexander attended kindergarten in Petersburg during the second semester 1966-67, and that he was scheduled to attend kindergarten in Richmond during the first semester 1967-68. Presumably he attended kindergarten in Richmond during the first semester 1967-68 and in Petersburg during the second semester 1967-68.

We hold that custody of Alexander Struminger and Bruce Struminger should be awarded to the mother for the major portion of each year, at least from the beginning to the end of each school year. Upon remand, the trial court should determine (1) whether custody of the children should be awarded to Mr. Struminger for all or any part of the balance of the year and (2) what visitation rights are reasonable.

The only remaining issue that we must decide is the constitutionality of a direction in the decree that the children be reared in the Jewish faith and that they attend a Jewish sunday school and a service in the synagogue each week.[2] We agree with the contention of Mrs. Struminger-Lundeen that such a provision violates Section 58 of the Virginia Constitution, which guarantees "no man shall be compelled to frequent or support any religious worship, place, or ministry . . ." See *Jones* v. *Commonwealth*, 185 Va. 335, 38 S.E.2d 444 (1946). Accordingly, no such provision should be included in the decree to be entered by the trial court upon remand of this case.

*Reversed and remanded.*

---

[2]Mr. Struminger is Jewish; Mrs. Struminger-Lundeen is Roman Catholic.