## CIRCUIT COURT OF THE CITY OF RICHMOND

Nathan M. Plotkin

    v.

Carol Jean Tyndall Plotkin

Carol T. Plotkin

    v.

Nathan Maury Plotkin

February 11, 1975

By JUDGE ALEX H. SANDS, JR.

This cause, now before the Court for decision, presents two separate and distinct issues; *i.e.* (1) whether Nathan M. Plotkin is entitled to the divorce which he seeks from his wife, Carol Jean Plotkin, or, conversely, whether Carol Jean Plotkin is entitled to relief upon her bill for separate maintenance; and (2) to which of the parents, if either, custody of Michael Lance Plotkin, the child of the parties, should be awarded.

The facts, which formulate these two issues, are simple and for the most part uncontradicted. The parties were married on May 27, 1969, in Columbia, South Carolina. At the time, Nathan M. Plotkin (hereinafter referred to as plaintiff) was of the Jewish faith, and Carol Tyndall Plotkin (hereinafter referred to as defendant), a Baptist. Defendant was shortly thereafter converted to Judaism and during the next few years and until after the birth of Michael, appeared to have lived a happy marital life.

Sometime in the fall of 1973 defendant became intensely interested in and a convert of the faith of Jehovah's Witnesses, and in December 1973 the parties separated for reasons hereinafter discussed.

On December 17, 1973, defendant filed in this court a bill of complaint seeking separate maintenance and child support, together with injunctive relief restraining plaintiff (with whom Michael was then living) from removing the child from the jurisdiction of the court. Injunctive relief to this effect was granted by order entered the same date. On December 20, three days thereafter, plaintiff filed a bill of complaint seeking bed and board divorce from plaintiff on the grounds of desertion and praying that plaintiff be awarded custody of the child. Defendant answered on January 9, 1974, her prayer for custody and separate maintenance being repeated in such answer. On January 22, 1974, an order was entered consolidating the two causes for hearing. On January 11 depositions were taken by plaintiff in support of his bill of complaint, and on January 28 depositions were taken by defendant. By order of February 20, 1974, the injunction referred to was extended by the court. Questions of custody, child support and maintenance having been referred to the Juvenile and Domestic Relations District Court for the City of Richmond, that court, by order entered May 6, 1974, reaffirmed an order previously entered in April, 1974, awarding custody of the child, Michael, to plaintiff, his father. From this order appeal was perfected to this court. On June 25, by order of this court, W. R. Broadwell was substituted as attorney for defendant Carol T. Plotkin to replace attorney Gilbert E. Schill, Jr., and on July 16 a full one-day ore tenus hearing was had as to both issues, such being in addition to the depositions theretofore taken.

At the outset, it should be stated that the fact that defendant had seen fit to adopt that faith adhered to by the Jehovah's Witnesses has, standing alone, no bearing one way or the other upon the issues here involved. The case law is abundantly clear that the religious persuasion of one party to a marriage, standing alone, is neither a ground for divorce, nor a basis for an award of custody. See *Mollish* v. *Mollish*, 494 S.W.2d 145 (Tenn.); *Lundeen* v. *Struminger*, 209 Va. 548 (1969). See also 24 Am. Jur. 2d, p. 215, sec. 46. The behavior of a party

in the manner in which he or she pursues the practice of his or her religious persuasion may, however, depending upon the circumstances of the case, amount to such cruelty as to amount to constructive desertion or even to bear materially upon the issue of the best interests of the child in a custody proceeding.

The court is convinced from the evidence in the case at bar, particularly from the impressions gained from the *ore tenus* hearing, that defendant's behavior, in pursuing the tenets of her newly adopted faith, did not amount to acts of cruelty justifying plaintiff's turning her from the marital domicile. Since he frankly admitted that he would never agree to reconciliation upon any terms short of complete abandonment by plaintiff of her religious persuasions, he was guilty of constructive desertion, which bars his claim for divorce; and from this it follows that defendant is entitled to her prayer for separate maintenance.

It does not follow, however, that the above ruling is dispositive of the issue of custody. The court is convinced that the zeal with which defendant has and will continue to devote herself to the furtherance and advancement of her religious convictions will necessarily relegate the interests of the child to a place of secondary importance. Defendant's professions to the contrary notwithstanding, it is more than apparent to the court from the evidence that the interests of the child will necessarily be neglected. This is not only the opinion held by Mrs. Baum, Supervisor of the Juvenile and Domestic Relations District Court, based upon a thorough investigation (although her view is not shared by Miss Shine, one of her subordinates), but this view; *i.e.* that the child's interests would be best served by awarding custody to the father, is supported by both medical experts who have conducted a study of the problem, not only Dr. Weir Tucker, examining at the request of plaintiff, but indeed Dr. M. M. Vitols whose study was conducted at the request of the defendant.

According to every account, the child is now well adjusted with the plaintiff, is doing well in school, and is happy with his surroundings. That the welfare of the child, to the exclusion of the interests of the parents, is the paramount consideration in considering

the question of custody, is the rule universally applied, at least in this state, and must override all other considerations. *Mullen* v. *Mullen*, 188 Va. 259 (1948).

Custody of the child, Michael, will accordingly be awarded to the plaintiff, Nathan M. Plotkin. It appearing, however, that there is no reason, moral or otherwise, why defendant should not be granted the broadest visitation privileges, it is the feeling of the court that in addition to periods of visitation throughout the school year, defendant should have the child with her for at least two months during the summer vacation season.

Plaintiff's bill of complaint, in the case of *Nathan M. Plotkin v. Carol Jean Tyndall Plotkin*, seeking divorce will be dismissed. In the case of *Carol T. Plotkin v. Nathan Maury Plotkin* her prayer for separate maintenance will be granted. Counsel may submit their views in writing as to the amount of support upon the basis of which the court will make the award. A fee of $500 will be allowed to attorney Gilbert E. Shill, Jr., Mrs. Plotkin's former attorney, to be paid by Nathan Plotkin, together with all court costs incurred by Carol T. Plotkin in the prosecution and in the defense of the respective suits, such costs including cost of depositions but not the cost of the court reporter.